<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4419**

UNITED STATES OF AMERICA,

                   Plaintiff - Appellee,

          v.

PEDRO ANTONIO ESCOBAR-MARROQUIN,

                   Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virgina, at Richmond.   John A. Gibney, Jr., District Judge.   (3:11-cr-00305-JAG-1)

Argued:  March 22, 2013                Decided:  May 8, 2013

Before TRAXLER, Chief Judge, and MOTZ and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Caroline Swift Platt, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.   Stephen David Schiller, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.   **ON BRIEF:** Michael S. Nachmanoff, Federal Public Defender, Alexandria, Virginia, Mary E. Maguire, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant.   Neil H. MacBride, United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pedro Antonio Escobar-Marroquin pled guilty to illegal reentry and received a 60-month term of imprisonment, which represented a 14-month variance above the top end of the applicable sentencing range. He now challenges the substantive reasonableness of his sentence. We affirm.

I.

The defendant is a Salvadoran citizen who, according to the parties' agreed upon Statement of Facts, entered the United States illegally for the first time in 1987.[*] Some time around 1988, he returned to El Salvador to marry and subsequently reentered the United States. In 2009, the defendant was convicted in state court of possession with intent to distribute cocaine. He served approximately six months of a five-year sentence and was removed in October 2009. The defendant reentered the United States in January or February 2010, was arrested in August 2010 for possession with intent to distribute cocaine, and was convicted in state court and sentenced to seven years' imprisonment. While serving that sentence, the defendant was federally indicted for illegal reentry following an

_____

[*] We note that there is also evidence in the record that the defendant's first illegal entry into the United States may have been in 1983. The exact date on which the defendant initially entered the United States is not relevant to our disposition on appeal.

2

aggravated felony, in violation of 8 U.S.C. § 1326. He subsequently pled guilty to the illegal reentry charge.

According to the presentence report ("PSR"), the defendant's offense level of 17 and criminal history category of IV resulted in an advisory guideline range of 37 to 46 months' imprisonment. At sentencing, the defendant sought a downward variance for three reasons. He first emphasized that the MS-13 gang in El Salvador was demanding payments for the protection of his family; that he worked in the United States to satisfy these extortion demands and to protect his wife, children, and family members in El Salvador; and that the MS-13 gang had already killed his uncle and father because he was unable to pay them enough money. Second, he noted that he rehabilitated himself while in prison by completing a Bible study course and getting baptized and by graduating from a drug treatment program. And finally, he argued that his 2009 state drug conviction was unfairly counted three separate times in the calculation of his offense level under the guidelines.

The government sought a 92-month sentence, arguing that the defendant reentered the United States shortly after he was removed and began selling drugs again. The district court sentenced the defendant to 60 months' imprisonment, a 14-month variance above the guidelines range.

II.

The defendant challenges the reasonableness of his sentence, which we review under "a deferential abuse-of-discretion standard." United States v. Rivera-Santana, 668 F.3d 95, 100 (4th Cir. 2012) (internal quotation marks omitted). We normally begin our evaluation by considering the procedural reasonableness of the sentence, see United States v. Morace, 594 F.3d 340, 345 (4th Cir. 2010), but the defendant does not challenge the procedural reasonableness of his sentence. Rather, the defendant's sole contention on appeal is that his sentence was substantively unreasonable.

With regard to the substantive reasonableness of the defendant's sentence,

> we must determine . . . whether the District Judge abused his discretion in determining that the [18 U.S.C. §] 3553(a) factors supported the sentence and justified a substantial deviation from the Guidelines range. We also must take into account the totality of the circumstances, including the extent of any variance from the Guidelines range. If the sentence is outside the Guidelines range, the court may not apply a presumption of unreasonableness. It may consider the extent of the deviation, but must give due deference to the district court's decision that the [18 U.S.C. §] 3553(a) factors, on a whole, justify the extent of the variance. The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.

United States v. Diosdado-Star, 630 F.3d 359, 366 (4th Cir. 2011) (alterations, citations, and internal quotation marks omitted).

A.

The defendant's first argument is that the district court abused its discretion by placing too much weight on his criminal history. Other than the illegal reentry underlying this case, the defendant's criminal history consists of a conviction for "Profanely Curse/Public Intoxication," a traffic offense, and two state convictions for possession with intent to distribute cocaine. The defendant emphasizes that each drug offense involved less than one gram, and he argues that these offenses were fully taken into account in calculating his guideline range.

The district court did rely on the defendant's criminal history in imposing an above-guideline sentence, but the court relied on other factors as well. Consistent with its obligation to impose a sentence in accordance with the factors set forth at 18 U.S.C. § 3553(a), the court noted the defendant's circumstances and lack of respect for the law by emphasizing that he returned to the United States shortly after being removed in order to sell cocaine. The court also mentioned its view that the defendant's "histrionic[]" conduct before the court, J.A. 120, in which he begged for mercy from his hands and

5

knees, was an attempt to manipulate the court. And finally, the court discussed the seriousness of the offense and the need to provide deterrence given that the defendant had twice been caught selling cocaine in the United States and that drug dealing is not a victimless crime. We are satisfied that the court's consideration and application of the § 3553(a) factors justified the variance in this case. Accordingly, the court did not abuse its discretion by placing too much weight on the defendant's criminal history.

B.

The defendant also contends that his sentence was substantively unreasonable because the district court relied on several factually inaccurate assertions made by the government. In its sentencing memorandum, the government stated that the defendant "began selling heroin and then later cocaine." J.A. 46. But there is no evidence in the record that the defendant ever sold heroin. Similarly, the government asserted that the defendant had "12 years of schooling." J.A. 54. But he only underwent four years of education.

At oral argument before us, the attorney for the government apologized profusely for these factual inaccuracies, explaining that he used a brief from an unrelated case as the basis for his sentencing memorandum in this case and, because he was overworked at the time, he simply did a poor job of editing. We

appreciate the government's candor and accept that the inclusion of these statements was an oversight.  Nonetheless, counsel for the government is an officer of the court who is expected to be truthful and accurate in all representations made to the court. We trust that the government will take steps to ensure that problems of this nature will not recur.

While we do not condone the government's carelessness, its misstatements would be prejudicial only insofar as the district court relied on them in imposing the sentence.  The defendant contends that the "upward variance sentence" was imposed "perhaps in partial reliance on one or more of these mistaken assertions."  App. Brief at 8 n.2.  We disagree.  Having reviewed the sentencing transcript and the PSR which the court adopted, we are satisfied that the sentence imposed was not affected by the government's misstatements.

III.

For the foregoing reasons, we affirm.

AFFIRMED

7